SUPERIOR COURT
OF THE
STATE OF DELAWARE

CRAIG A. KARSNITZ,
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

February 25, 2020

Edward C. Gill, Esquire
16 N. Bedford Street
P.O. Box 824
Georgetown, DE 19947

Michael Tipton, Esquire
Deputy Attorney General
Department of Justice
114 East Market Street
Georgetown, DE 19947

Re:     *State of Delaware v. Robert Murdy*
        Defendant ID# 1102005997, 1112015230 and 1110008099

Dear Messrs. Gill and Tipton:

In 2012, Mr. Gill's client, Robert Murdy, pled guilty to certain felonies and was sentenced by this Court to eight years of incarceration, of which he served seven years and 22 days, followed by probation.

In 2017, Mr. Murdy committed what Mr. Gill characterizes as "relatively minor felonies," for which he was sentenced to two years of incarceration by this Court.

1

Those offenses also constituted a violation of Mr. Murdy's probation, and he was brought before this Court in 2018 for a Violation of Probation ("VOP") hearing. The State recommended an additional two years of incarceration for violation of probation; however, Mr. Murdy received a VOP sentence of an additional five years and nine months of incarceration, with the additional requirement that the VOP sentence be served pursuant to 11 Del. C. § 4204(k).

On September 17, 2019, Mr. Gill filed a Motion for Correction of Illegal Sentence with respect to the VOP sentence. On October 10, 2019, the State filed its Response to that Motion. On January 9, 2020, I heard oral argument on the Motion. At that hearing, the State agreed to remove the requirements of 11 Del. C. § 4204(k) from the VOP sentence. The State also agreed that Mr. Murdy could submit a request for a further reduction of his sentence; however, it remains the State's position that his sentence should not be further reduced.

On February 11, 2020, Mr. Gill followed up and requested on behalf of Mr. Murdy, in the interest of justice and fairness, and with the State's consent, that (1) the period of incarceration on the VOP sentence be made to run concurrently with the period of incarceration on the sentence for the offenses which caused the violation of probation to occur; and, (2) as per the State's agreement, the requirements of 11 Del. C. § 4204(k) be removed from the sentence.

On February 14, 2019, I received a letter from Mr. Murdy himself, also requesting a modification or reduction of his sentence.

As the State points out, 11 Del. C. § 4334(c) provides that, "if a violation [of probation] is established, the Court may continue or revoke the probation or suspension of sentence and may require the probation violator to serve the sentence impose, or any lesser sentence..." I have carefully reviewed the record, including Mr. Murdy's previous requests for modification or reduction of sentence, and the denials thereof by this Court. I find no error in the imposition of the VOP sentence in 2018. Moreover, I find no change in circumstances which would warrant modification or reduction of the sentence at this time, or for making the sentences run concurrently.

Therefore, your request for reduction or modification of the sentence, or concurrent sentences is **DENIED.** Your request for removal of the requirements of 11 Del. C. § 4204(k) from the VOP sentence is **GRANTED.**

2

We will prepare and enter an Order modifying the sentence to remove the requirements of 11 Del. C. § 4204(k) therefrom.

**IT IS SO ORDERED**.

Very truly yours,

Craig A. Karsnitz

cc:     Prothonotary's Office